*Malik Weatherly v. Ford Motor Company*

# EXHIBIT 1



# IN THE 7TH JUDICIAL CIRCUIT COURT, CLAY COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JANET SUTTON | Case Number: 18CY-CV07027 |
| Plaintiff/Petitioner:<br>MALIK WEATHERLY | Plaintiff's/Petitioner's Attorney/Address<br>JOSHUA PAUL WUNDERLICH<br>8350 N SAINT CLAIR AVE<br>SUITE 220<br>vs. KANSAS CITY, MO 64151 |
| Defendant/Respondent:<br>FORD MOTOR COMPANY INC | Court Address:<br>11 S WATER<br>LIBERTY, MO 64068 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  FORD MOTOR COMPANY INC
                                               Alias:

120 S. CENTRAL AVENUE
RA: THE CORPORATION COMPANY
CLAYTON, MO 63105

**COURT SEAL OF**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____7/18/2018_____                    _/s/ R. Lawson_____
          Date                                              Clerk

**CLAY COUNTY**

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                              Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                                   Date                                       Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $  10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| Total | $_____ | |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Case 4:18-cv-00643-FJG   Document 1-2   Filed 08/17/18   Page 2 of 24

Electronically Filed - Clay - July 12, 2018 - 12:34 PM

**IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI**

| | |
|---|---|
| **MALIK WEATHERLY,**<br>c/o Cornerstone Law Firm<br>8350 N. St. Clair Ave., Ste. 225<br>Kansas City, MO 64151 | )<br>)<br>)<br>) |
| | ) |
| Plaintiff, | )   Case No.: _____ |
| | ) |
| v. | ) |
| | ) |
| **FORD MOTOR COMPANY,** | )   **REQUEST FOR JURY TRIAL** |
| *Registered Agent:* | ) |
| The Corporation Company | ) |
| 120 South Central Avenue | ) |
| Clayton, MO 63105 | ) |
| | ) |
| Defendant. | ) |

**PETITION FOR DAMAGES**
**(Case Type TI)**

COMES NOW, Plaintiff Malik Weatherly, by and through his attorney, and for his cause of action against Defendant Ford Motor Company states and alleges as follows:

**Parties and Jurisdiction**

1. This is an employment case based upon and arising under the Americans with Disabilities Act as Amended, 42 U.S.C. §§ 12101 *et seq.* ("ADAAA") and the Family Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

2. Plaintiff is a citizen of the state of Missouri, currently residing in Kansas City, Clay County, Missouri.

3. Defendant Ford Motor Company ("Ford") is and was at all relevant times a corporation organized under the laws of Delaware conducting substantial and continuous business in the state of Missouri.

Electronically Filed - Clay - July 13, 2018 12:24 PM

4. Defendant Ford maintains and operates a place of business at 8121 U.S. Highway 69, Claycomo, Clay County, Missouri 64119.

5. At all relevant times, Ford employed fifty or more employees within a seventy-five mile radius.

6. At all relevant times, Ford engaged in interstate commerce.

7. Ford is an employer within the meaning of the ADAAA.

8. Ford is an employer within in the meaning of the FMLA.

9. This court has jurisdiction over the parties and subject matter of this action.

10. Venue is proper pursuant to MO. REV. STAT. § 508.010 because Plaintiff was first injured by the alleged wrongful acts in Clay County, Missouri.

### Administrative Procedures

11. On October 23, 2017, Plaintiff timely filed with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") a Charge of Discrimination against Defendant alleging disability discrimination and retaliation (attached as Exhibit 1 and incorporated herein by reference).

12. On May 14, 2018, the EEOC issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference).

13. The aforesaid Charge of Discrimination provided the EEOC and MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of a MCHR or EEOC investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

14. This lawsuit is filed within ninety (90) days of the issuance of the EEOC's Notice of Right to Sue.

15. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

16. This action is filed within the applicable statute of limitations.

<u>**Additional Factual Allegations**</u>

17. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

18. Plaintiff began working for Ford in January 2015.

19. Plaintiff was employed as an assembly-line worker.

20. Plaintiff suffers from asthma.

21. Plaintiff suffers from scoliosis.

22. Around May 4, 2015, Plaintiff started experiencing difficulty with managing the symptoms of his asthma so he completed accommodation paperwork and provided it to Ford.

23. Specifically, Plaintiff requested to be excused from work on days when he suffered an asthma attack or similar physical complications as a result of his asthma.

24. Between May 1, 2015 and May 1, 2016, Ford excused Plaintiff from working on days when he suffered from asthma complications.

25. Between May 1, 2015 and May 1, 2016, Plaintiff's absences did not exceed twelve weeks.

26. On or before May 1, 2016, Plaintiff became eligible for FMLA leave.

27. On or about May 28, 2016, Plaintiff submitted his completed medical certification paperwork for intermittent FMLA leave to Ford.

28. On June 3, 2016, Plaintiff had an asthma attack and as a result, missed two days of work.

29. On June 3, 2016, Plaintiff properly notified Ford of his asthma attack and inability to work.

30. When Plaintiff attempted to return to work, however, Ford notified Plaintiff that he was suspended from work for thirty days because he had accrued too many attendance points.

31. Prior to his suspension, Plaintiff had not been the subject of any discipline associated with his attendance.

32. On July 19, 2016, Ford allowed Plaintiff to return to work and notified Plaintiff that his request for intermittent FMLA leave had been approved.

33. In December 2016, when Plaintiff attempted to re-certify his FMLA leave for the upcoming year, individuals in Ford's Labor Relations department told Plaintiff that he was ineligible for FMLA leave because he had not worked enough hours.

34. For the twelve months prior to December 2016, Plaintiff worked more than 1,250 hours for Ford.

35. Between January 2017 and March 2017, Plaintiff approached Ford's Labor Relations department about getting re-certified to take intermittent FMLA leave.

36. Each time Plaintiff spoke with Ford's Labor Relations department, he was told that he was ineligible for FMLA leave because he had not worked enough hours.

37. Beginning on April 1, 2017, Plaintiff missed approximately five days of work because of complications associated with his asthma.

38. Plaintiff properly notified Ford of his absences in April 2017.

39. On April 7, 2017, Plaintiff's doctor submitted medical documentation to Ford to excuse Plaintiff from missing work.

40. When Plaintiff attempted to return to work, Ford informed him that he had been suspended for one month due to absenteeism.

41. Plaintiff returned to work in May 2017.

42. On or about June 10, 2017, Plaintiff called in sick to work due to an asthma attack.

43. On June 11, 2017, when Plaintiff attempted to return to work, Ford informed Plaintiff that his employment was terminated due to absenteeism.

44. From June 11, 2017 through September 2017, Plaintiff attempted to get his job back.

45. On October 2, 2017, Ford "reinstated" Plaintiff's employment.

46. Upon Plaintiff's reinstatement, Plaintiff inquired about the present status of his FMLA rights, to which Plaintiff received no response.

47. When Plaintiff was reinstated, Ford did not return him to work in the position he previously held—rather, he ended up working in an assembly line that required much more physically-strenuous activity.

48. Plaintiff informed his supervisor, Aaron, that his new job duties aggravated his scoliosis symptoms.

49. Aaron told Plaintiff that the only way Plaintiff could be transferred was if Plaintiff submitted formal medical restrictions as it pertains to his scoliosis.

50. Plaintiff went to his doctor who placed him on permanent physical restrictions and Plaintiff conveyed this information to Ford on October 17, 2017.

51. When Plaintiff attempted to return to work with restrictions, Ford terminated Plaintiff's employment.

52. Plaintiff re-alleges and incorporates herein by reference as though fully set forth herein, all of the above numbered paragraphs.

53. At all relevant times, Plaintiff had one or more serious health conditions.

54. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

55. Plaintiff suffered multiple adverse employment actions during his employment including suspension and termination.

56. The adverse employment actions taken against Plaintiff were related to the exercise of his FMLA rights.

57. By suspending Plaintiff in June 2016, Ford interfered with Plaintiff's FMLA rights.

58. By telling Plaintiff he was ineligible for FMLA leave from December 2016 onward and by preventing Plaintiff from taking the FMLA leave to which he was otherwise entitled, Ford interfered with Plaintiff's FMLA rights.

59. At all times mentioned herein, before and after, the above-described perpetrators were agents, servants, and employees of Ford, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Ford, thus making Ford liable for said actions under the doctrine *respondeat superior.*

60. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

61. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the laws, including the FMLA.

62. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

63. Pursuant to 29 U.S.C. §2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**COUNT II**
**Violation under 29 U.S.C. § 2615(a)(2)**
**Retaliation**

64. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all the above numbered paragraphs.

65. At all relevant times, Plaintiff had a serious health condition.

66. At all relevant times, Plaintiff was an eligible employee pursuant to the FMLA.

67. Between April 2016 and October 2017, Plaintiff engaged in a protected activity each time he requested FMLA leave or otherwise inquired about his FMLA rights.

68. Plaintiff engaged in a protected activity when he took FMLA leave.

69. Plaintiff suffered adverse employment actions when Ford suspended his employment in June 2016 and April 2017.

70. Plaintiff suffered adverse employment actions when Ford terminated his employment in June 2017 and October 2017.

71. A causal connection exists between Plaintiff's exercise of his FMLA rights and each of the aforementioned adverse employment actions taken against him.

72. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

73. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

74. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for equitable relief, including but not limited to front-pay and injunctive relief; for liquidated damages for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### COUNT III
#### Violation under 42 U.S.C. §§ 12101 *et seq.*
#### Disability Discrimination - Failure to Accommodate

75. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

76. Plaintiff suffers from asthma.

77. At all relevant times, Plaintiff's asthma was a physical impairment that substantially limited his major life activities, including but not limited to working and breathing.

78. Plaintiff suffers from scoliosis.

79. At all relevant times, Plaintiff's scoliosis was a physical impairment that substantially limited his major life activities, including but not limited to bending and lifting.

80. At all relevant times, Plaintiff was a qualified individual pursuant to the ADAAA because he could perform the essential functions of his job(s) with or without reasonable accommodation.

81. By requesting intermittent time off work, Plaintiff requested reasonable accommodation for his asthma.

82. Allowing Plaintiff intermittent time off work did not pose an undue hardship on Defendant.

83. Defendant failed to provide reasonable accommodation to Plaintiff because Plaintiff was penalized and ultimately terminated for taking time off work.

84. Defendant refused to engage in the interactive process with Plaintiff to determine reasonable accommodation for his asthma.

85. By requesting lifting and other physical restrictions, Plaintiff requested reasonable accommodation for his scoliosis.

86. Allowing Plaintiff to work with physical restrictions or re-assigning Plaintiff to a different position did not pose an undue hardship on Defendant.

87. Defendant refused to engage in the interactive process with Plaintiff to determine reasonable accommodation for his scoliosis.

88. Defendant failed to provide reasonable accommodation to Plaintiff for his scoliosis because Plaintiff was terminated immediately after his request for said accommodation.

89. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

90. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

91. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

92. As shown by the foregoing, Plaintiff suffered intentional discrimination based on his disability.

93. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

94. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

95. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

96. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

**Count IV**
**Violation under 42 U.S.C. §§ 12101 <em>et seq.</em>**
**Disability Discrimination**

97. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

98. At all relevant times, Plaintiff suffered from asthma and scoliosis.

99. At all relevant times, Plaintiff was an individual with a disability pursuant to the ADAAA because he had an actual disability, had a record of a disability, and/or Defendant regarded him as having a disability.

100. At all relevant times, Plaintiff was a qualified individual pursuant to the ADAAA because he could perform the essential functions of his job(s) with or without reasonable accommodation.

101. During his employment, Defendant subjected Plaintiff to multiple adverse employment actions, including suspensions from work and two terminations.

102. One or more of Plaintiff's disabilities was at least a motivating factor in the adverse employment actions taken against him.

103. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

104. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

105. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

106. As shown by the foregoing, Plaintiff suffered intentional discrimination based on one or more of his disabilities.

107. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

108. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

109. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

110. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### Count V
### Violation under 42 U.S.C. §§ 12101 *et seq.*
### Retaliation

111. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

112. At all relevant times, Plaintiff suffered from asthma and scoliosis.

113. At all relevant times, Plaintiff was an individual with a disability pursuant to the ADAAA because he had an actual disability, had a record of a disability, and/or Defendant regarded him as having a disability.

114. At all relevant times, Plaintiff was a qualified individual pursuant to the ADAAA because he could perform the essential functions of his job(s) with or without reasonable accommodation.

115. In disclosing his asthma and requesting reasonable accommodation for his asthma, Plaintiff engaged in a protected activity under the ADAAA.

116. In disclosing his scoliosis and requesting reasonable accommodation for his scoliosis, Plaintiff engaged in a protected activity under the ADAAA.

117. During his employment, Defendant subjected Plaintiff to multiple adverse employment actions, including suspensions from work and two terminations.

118. A causal connection exists between Plaintiff's exercise of his rights under the ADAAA and the aforementioned adverse employment actions taken against him.

119. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine of *respondeat superior*.

120. Defendant failed to make good faith efforts to establish and enforce policies to prevent illegal discrimination against its employees.

121. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including the ADAAA.

122. As shown by the foregoing, Plaintiff suffered intentional discrimination based on one or more of his disabilities.

123. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

124. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of emotional distress and related compensatory damages.

125. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other entities from like conduct in the future.

126. Pursuant to the provisions of the ADAAA, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE, Plaintiff requests that the Court enter judgment in his favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such other and further legal and equitable relief as the Court deems just and proper.

### Demand for Jury Trial

Plaintiff requests a trial by jury, in the Circuit Court of Clay County, Missouri, on all counts and allegations of wrongful conduct alleged in this Petition.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Joshua P. Wunderlich
Joshua P. Wunderlich        Mo. Bar #64254
j.wunderlich@cornerstonefirm.com
8350 N. St. Clair Ave. Ste 225
Kansas City, Missouri 64151
Telephone        (816) 581-4040
Facsimile .        (816) 741-8889
ATTORNEY FOR PLAINTIFF

Case 4:18-cv-00643-FJG   Document 1-2   Filed 08/17/18   Page 17 of 24

JAN-14-2005  13:00       IRS                          816 499    P.01/01
EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA E- 10/17 -48753 | |
| | [X] EEOC 28E-2018-00125C | |

**Missouri Commission On Human Rights** and EEOC

*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (incl. Area Code) | Date of Birth |
|---|---|---|
| Malik Weatherly | 816-447-4815 | 10/3/1995 |

| Street Address | City, State and ZIP Code | County |
|---|---|---|
| 5348 Cleveland Ave, Kansas City, MO 64130 | | Jackson |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Ford Motor Company | 15+ | 816-459-1230 |

| Street Address | City, State and ZIP Code |
|---|---|
| 8121 US 69 Hwy, Kansas City, 64119 | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN | Earliest: Latest: 10/18/2017 |
| [X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below) | [ ] CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I filed a Charge of Discrimination with Missouri Commission on Human Rights after I was terminated on 8/11/2017.
On 10/2/2017, respondent reinstated me, but not in the position I was terminated from. 10/3/2017, I asked if I could return to my position because a temporary employee was filling it and my supervisor refused.
10/9/2017, I discovered that my insurance wasn't active after I had a Doctor's appointment and I contacted respondent about this on 10/10, but I couldn't connect with anyone.
10/13/2017, I gave respondent my restrictions for my disability. On 10/16, they told me my restrictions need to be more specific and medical won't accept it.
10/17/2017, because of the lack of restrictions, my disability caused me to take a day off. I had a doctor's note and respondent told me it would be covered.
10/18/2017, respondent told me that even though I'm covered, they're still charging me half an AWOL. Because of this, I was terminated. Respondent said because I am a waiver employee there's a different policy, but they could not produce this policy in writing.

I believe I was denied my benefits and terminated in retaliation to the Charge of Discrimination I filed.
As remedy, I desire an end to the discrimination and anything else the Commission deems just and proper.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT **FILED** |
| X 10/23/17  X *[signature]* Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE OCT 2 3 2017 (month, day, year) MO Commission on Human Rights Jefferson City Office |

**PLAINTIFF'S EXHIBIT # 1**          TOTAL P.01

# U.S. Equal Employment Opportunity Commission

TO:  St. Louis District Office
1222 Spruce Street
Room 8.100
Saint Louis, MO 63103

Date **October 31, 2017**
EEOC Charge No.
**28E-2018-00125**

FEPA Charge No.
**E-10/17-48753**

CHARGE TRANSMITTAL

SUBJECT:

| Malik Weatherly | v. | FORD MOTOR COMPANY |
|---|---|---|
| *Charging Party* | | *Respondent* |

Transmitted herewith is a charge of employment discrimination initially received by the:

☐ EEOC    ☒ **Missouri Commission On Human Rights**    on  **Oct 23, 2017**

*Name of FEPA*    *Date of Receipt*

☐ Pursuant to the worksharing agreement, this charge is to be initially investigated by the EEOC.

☒ Pursuant to the worksharing agreement, this charge is to be initially investigated by the FEPA.

☐ The worksharing agreement does not determine which agency is to initially investigate the charge.

☐ EEOC requests a waiver    ☐ FEPA waives

☐ No waiver requested    ☐ FEPA will investigate the charge initially

*Please complete the bottom portion of this form to acknowledge the receipt of the charge
and, where appropriate, to indicate whether the Agency will initially investigate the charge.*

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **Alisa Warren, Director** | |

| Malik Weatherly | v. | FORD MOTOR COMPANY |
|---|---|---|
| *Charging Party* | | *Respondent* |

TO WHOM IT MAY CONCERN:

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to initially investigate the charge.

☒ This will acknowledge receipt of the referenced charge and indicate this Agency's intention not to initially investigate the charge.

☐ This will acknowledge receipt of the referenced charge and request a waiver of initial investigation by the receiving agency.

☐ This will acknowledge receipt of the referenced charge and indicate this Agency's intention to dismiss/close/not docket the charge for the following reasons:

| Typed Name and Title of EEOC or FEPA Official | Signature/Initials |
|---|---|
| **James R. Neely, Jr., Director** | *Joseph J Wilson* |

TO:  Missouri Commission On Human Rights
3315 West Truman Blvd.
P.O. Box 1129
Jefferson City, MO 65102

Date  **October 31, 2017**
EEOC Charge No.
**28E-2018-00125**
FEPA Charge No.
**E-10/17-48753**

EEOC FORM 131-A (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| ┌ ┐<br><br>FORD MOTOR COMPANY<br>8121 U.S. 69 Hwy<br>Kansas City, MO 64119<br><br>└ ┘ | **Malik Weatherly** |
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>28E-2018-00125 |
| | FEPA CHARGE NO.<br>E-10/17-48753 |

### NOTICE OF CHARGE OF DISCRIMINATION IN JURISDICTION WHERE A FEP AGENCY WILL INITIALLY PROCESS
(See the enclosed for additional information)

THIS IS NOTICE THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

[X] Title VII of the Civil Rights Act (Title VII)  [ ] The Equal Pay Act (EPA)  [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)  [ ] The Genetic Information Nondiscrimination Act (GINA)

HAS BEEN RECEIVED BY

[ ] The EEOC and sent for initial processing to _____

[X] The  Missouri Commission On Human Rights  and sent to EEOC for dual filing purposes.
_____(FEP Agency)_____
(FEP Agency)

While EEOC has jurisdiction (upon expiration of any deferral requirement if this is a Title VII, ADA or GINA charge) to investigate this charge, EEOC may suspend its investigation and await the issuance of the Agency's final findings and orders. These findings and orders will be given weight by EEOC in making its own determination as to whether reasonable cause exists to believe that discrimination has occurred.

You are therefore encouraged to cooperate fully with the Agency. All facts and evidence provided by you to the Agency will be considered by EEOC when it reviews the Agency's final findings and orders. In many cases EEOC will take no further action, thereby avoiding the necessity of an investigation by both the Agency and EEOC. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final findings and orders of the above-named Agency. For such a request to be honored, you must notify EEOC in writing within 15 days of your receipt of the Agency's final decision and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by EEOC. Regardless of whether the Agency or EEOC processes the charge, the Recordkeeping and Non-Retaliation provisions of the statutes as explained in the enclosed information sheet apply.

For further correspondence on this matter, please use the charge number(s) shown above.

Enclosure(s):  Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race  [ ] Color  [ ] Sex  [ ] Religion  [ ] National Origin  [ ] Age  [ ] Disability  [X] Retaliation  [ ] Genetic Information  [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| October 31, 2017 | **James R. Neely, JR,**<br>**Director** | |

Electronically Filed - Clay - July 13, 2018 - 12:34 PM

EEOC Form 161 (11/18)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Malik Weatherly<br>9222 N. Virginia Avenue<br>Kansas City, MO 64155 | From: St. Louis District Office<br>1222 Spruce Street<br>Room 8.100<br>Saint Louis, MO 63103 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 28E-2018-00125 | Joseph J. Wilson,<br>State & Local Program Manager | (314) 539-7816 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [ ] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [X] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Joseph J. Wilson*

James R. Neely, Jr.,
Director

May 14, 2018

(Date Mailed)

Enclosures(s)

cc: FORD MOTOR COMPANY
ATTN: Human Resources Director
8121 U.S. 69 Hwy
Kansas City, MO 64119

Timothy S. Millman
ATTORNEY AT LAW
2600 Grand Boulevard, Suite 1200

**PLAINTIFF'S EXHIBIT #2**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** — **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>within 90 days</u> of the date you *receive* this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** — **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than <u>2 years (3 years)</u> before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

Electronically Filed - Clay - July 13, 2018 - 12:34 PM

IN THE CIRCUIT COURT OF CLAY COUNTY, MISSOURI

MALIK WEATHERLY,                          )
c/o Cornerstone Law Firm                  )
8350 N. St. Clair Ave., Ste. 225          )
Kansas City, MO 64151                     )
                                          )
Plaintiff,                                )        Case No.: _____
                                          )
v.                                        )
                                          )
FORD MOTOR COMPANY,                       )        REQUEST FOR JURY TRIAL
*Registered Agent:*                       )
The Corporation Company                   )
120 South Central Avenue                  )
Clayton, MO 63105                         )
                                          )
Defendant.                                )

## MOTION FOR APPROVAL AND APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through its attorney of record, and for its Motion for Approval/Appoint of Private Process Server, and requests that D&B Legal Services, Inc.: Legal Names (s): who are qualified persons to serve process, are not parties and are not less than eighteen (18) years of age, as private process servers in the above cause to serve process in this case.

| | | |
|---|---|---|
| Jamie Andrews PPS18-0073 | Wendy Hilgenberg PPS18-0081 | Charles Perry PPS18-0039 |
| Bernard Beletsky PPS18-0001 | James Hise PPS18-0017 | Robert Peters PPS18-0150 |
| Debra Beverlin PPS18-0002 | Richard Hopson PPS18-0018 | Dee Powell PPS18-0042 |
| Gary Beverlin PPS18-0003 | Thomas Ilgenfritz PPS18-0020 | William Powell PPS18-0043 |
| T. Eddie Bogue PPS18-0004 | Jessica Jenkins PPS18-0021 | Kim Presler PPS18-0044 |
| Scott Brady PPS18-0005 | Betty Johnson PPS18-0022 | Marcus Presler PPS18-0092 |
| Jeffrey Brown PPS18-0006 | Darrell Johnson PPS18-0082 | Richard Raymond PPS18-0045 |
| Hester Bryant PPS18-0074 | Edward Johnson PPS18-0023 | Kim Rice PPS18-0046 |
| Jarrett Bullock PPS18-0179 | James Johnson PPS18-0024 | Marybeth Rice PPS18-0047 |
| Corinna Celoso PPS18-0075 | Patrick Jones PPS18-0025 | Sammie Robinson PPS18-0096 |
| Carrol Christian PPS18-0109 | Janet Kerr PPS18-0196 | Lawrence Roth PPS18-0048 |
| Michael Conklin PPS18-0111 | Brent Kirkhart PPS18-0026 | Richard Roth PPS18-0049 |
| Ryan Crandall PPS18-0008 | Janice Kirkhart PPS18-0027 | Edna Russell PPS18-0050 |
| Jennifer Dale PPS18-0009 | Richard Langdon PPS18-0028 | Brenda Schiwitz PPS18-0051 |
| Norman Diggs PPS18-0114 | John Logan PPS18-0029 | Michael Siegel PPS18-0097 |
| Tonya Elkins PPS18-0076 | Daniel Maglothin PPS18-0084 | Joe Sherrod PPS18-0162 |
| Michael Felton PPS18-0078 | Deborah Martin PPS18-0031 | Andrew Sitzes PPS18-0214 |
| Cassie Felton PPS18-0077 | Michael Martin PPS18-0032 | Laura Skinner PPS18-0052 |
| William Ferrell PPS18-0010 | Casey McKee PPS18-0085 | Thomas Skinner PPS18-0053 |
| Rhonda Fletcher PPS18-0079 | Austin McVay PPS18-0086 | Ronald Slingerland PPS18-0054 |
| Edward Forman PPS18-0119 | Patricia Medley PPS18-0033 | Randy Stone PPS18-0163 |
| Jim Frago PPS18-0011 | James Myers PPS18-0089 | Darren Thebeau PPS18-0056 |
| Lisa Gallinger PPS18-0012 | Andrew Myers PPS18-0087 | Eelinh Torell PPS18-0167 |
| Andrew Garza PPS18-0013 | Stephanie Myers PPS18-0090 | Lucas Traugott PPS18-0168 |
| James Hannah PPS18-0014 | Frederick Myers PPS18-0088 | Ryan Weekley PPS18-0057 |
| Rufus Harmon PPS18-0015 | Jeremy Nicholas PPS18-0146 | Andrew Wheeler PPS18-0058 |
| Douglas Hays PPS18-0122 | Michael Noble PPS18-0286 | Andrew Wickliffe PPS18-0059 |
| Jeff Henderson PPS18-0123 | Greg Noll PPS18-0036 | Norman Wiley PPS18-0060 |
| Sharon Hendrickson PPS18-0016 | Robert O'Sullivan PPS18-0091 | Debra Woodhouse PPS18-0098 |
| Daryl Hendrix PPS18-0124 | Jesse Pantaleo PPS18-0037 | Stan Yoder PPS18-0175 |
| Natalie Hawks PPS18-0080 | Carol Perry PPS18-0038 | |

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Joshua P. Wunderlich

Joshua P. Wunderlich        MO BAR 64254
j.wunderlich@cornerstonefirm.com
8350 N. St. Clair Ave. Suite 225
Kansas City, Missouri 64151
Telephone        (816) 581-4040
Facsimile        (816) 741-8889

**ATTORNEY FOR PLAINTIFF**

## ORDER

It is hereby ordered that the Plaintiff's Motion for Approval and Appointment of private process server is granted and the above-named individuals are hereby approved and appointed to serve process in the above-captioned matter.

Date: JULY 18, 2018 _____        **/s/ R. Lawson** _____
XXXXXXXClerk